1  ANDREW BAUM - State Bar No. 190397
   abaum@glaserweil.com
2  JAMES SARGENT - State Bar No. 280968
   jsargent@glaserweil.com
3  LUIS RAMOS - State Bar No. 340711
   lramos@glaserweil.com
4  GLASER WEIL FINK HOWARD
      JORDAN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7
   Attorneys for Defendants
8  George W. Clark, by and through his successor in interest Joann M.
   Clark, and Estate of George W. Clark (Deceased).
9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                  WESTERN DIVISION

13 Maurice Hastings,                    CASE NO.: 2:23-cv-09684-ODW-AGR

14            Plaintiff,                Hon. Otis D. Wright, II
                                        Magistrate Judge Alicia G. Rosenberg
15 v.
                                        **DEFENDANTS GEORGE W.**
16 Grant Price, Russell Enyeart, George W.   **CLARK, BY AND THROUGH HIS**
   Clark, by and through his successor in   **SUCCESSOR IN INTEREST**
17 interest Joann M. Clark, and Estate of   **JOANN M. CLARK, AND ESTATE**
   George W. Clark (Deceased),          **OF GEORGE W. CLARK**
18                                       **(DECEASED)'S NOTICE OF**
                                         **MOTION AND MOTION TO**
19            Defendants.               **DISMISS PLAINTIFF'S**
                                         **COMPLAINT PURSUANT TO FED.**
20                                       **R. CIV. PROC. RULES 12(B)(2),**
                                         **12(B)(5), AND 12(B)(6);**
21                                       **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT**
22                                       **THEREOF**

23                                       DATE:        August 26, 2024
                                         TIME:        1:30 p.m.
24                                       COURTROOM:   5D

25                                       TRIAL DATE:     September 16, 2025

26

27

28

2420707

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT on August 26, 2024 at 1:30 pm in the above-entitled Court, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant George W. Clark, by and through his successor in interest Joann M. Clark, and Estate of George W. Clark (Deceased) (together, "Clark Defendants"), will and hereby do move this Court to dismiss Plaintiff Maurice Hastings' ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2), Rule 12(b)(5), and Rule 12(b)(6) on the grounds of lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

Plaintiff, by his Complaint, seeks to sustain four causes of action under 42 U.S.C. section 1983 against George Clark ("Clark") – a dead man – and against Clark's long fully-distributed, closed, and thus non-existent "Estate." All causes of action should be dismissed. First, in what should be self-evident, the dead do not make good litigants, cannot sue or be sued, and exist in a realm beyond the reach of this Court's personal jurisdiction. Federal Rule of Civil Procedure 25 disallows the substitution of a party who predeceased the filing of a complaint against him. Second, and similarly, the Court cannot exercise jurisdiction over George Clark's purported "Estate," as an estate is not an entity that can sue or be sued in its own right. An action against an estate can only be sustained by naming the estate's personal representative, which Plaintiff has failed to do. Plaintiff purportedly served two descendants of Clark but has failed to carry his burden to demonstrate that either of them were or are the personal representative of the "Estate." Finally, Plaintiff's claims against the Clark Defendants should be dismissed because each are wholly conclusory, legally insufficient, and barred by applicable statutes of limitations, specifically California Code of Civil Procedure section 366.2.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 15, 2024 via telephone. Counsel for Plaintiff, Ann Sloan

2420707

and Christina Matthias stated that Plaintiff would oppose this Motion.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the declaration of Kelley Lombardozzi, all the pleadings, files, and records in this proceedings, all matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  July 22, 2024

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP


By: _/s/ James Sargent_
ANDREW BAUM
JAMES SARGENT
LUIS RAMOS
   Attorneys for Defendants
   George W. Clark, by and through his
   successor in interest Joann M. Clark, and
   Estate of George W. Clark (Deceased).

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................... 7

II.     BRIEF SUMMARY OF RELEVANT FACTS AND PROCEDURAL BACKGROUND .......................................................................................... 8

    A.      Relevant Allegations Against Clark ..................................................... 8

    B.      Procedural Background ........................................................................ 9

III.    LEGAL STANDARDS ............................................................................ 10

    A.      Motion to Dismiss Under Rule 12(b)(2) ............................................. 10

    B.      Motion to Dismiss Under Rule 12(b)(5) ............................................. 10

    C.      Motion to Dismiss Under Rule 12(b)(6) ............................................. 10

IV.     PLAINTIFF'S CLAIMS AGAINST THE CLARK DEFENDANTS SHOULD EACH BE DISMISSED AS A MATTER OF LAW .................. 11

    A.      The Court Cannot Exercise  Jurisdiction Over George Clark Because He Died Prior to the Complaint Being Filed and No Substitution is Available .................................................................... 11

    B.      The Court Cannot Exercise Jurisdiction Over Clark's Purported "Estate" Because an Estate Cannot Be Sued in the Abstract ............. 12

    C.      Plaintiff's Claims Should be Dismissed for  Insufficient Process ...... 14

    D.      Plaintiff Fails to State a Claim Upon Which Relief Can be Granted . 15

        1.      No Cause of Action Can be Sustained Against Clark as a Matter of Law. ................................................................... 15

        2.      Plaintiff's Claims Against Clark are Time Barred. ................ 15

        3.      Plaintiff's Claims Against the "Estate" are Procedurally Deficient and Barred by Applicable Statutes of Limitation ..... 16

            a.      Plaintiff Has Failed to Name Personal Representative of the "Estate." ................................................................ 16

            b.      Plaintiff Has Failed to File a Claim Against the "Estate." ................................................................ 17

            c.      Plaintiff's Claims are Time Barred by California's Probate Code and Code of Civil Procedure. ................ 18

        4.      Plaintiff Fails to Allege a Constitutional Violation Against Clark .................................................................................... 18

        5.      Clark is Entitled to Qualified Immunity for Plaintiff's Due Process Claim ........................................................................ 19

V.      CONCLUSION ....................................................................................... 20

Glaser Weil

2420707

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Anderson v. Yungkau*
  329 U.S. 482 (1947) ........................................................................ 15

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ........................................................................ 12

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................ 12

*Coley v. Ventura Cnty*
  No. CV1810385PAJDEX, 2019 WL 7905740, at *1 ........................ 17

*Cotton v. Austin*
  No. 18CV325-JO-DEB, 2022 WL 4373598, at *5 .......................... 19

*Doe v. United States*
  58 F.3d 494 (9th Cir. 1995) ............................................................ 12

*E.C. v. Ross*
  504 F.3d 1130 (9th Cir. 2007) ........................................................ 15

*Givens v. California Dep't of Corr. & Rehab.*
  No. 219CV0017JAMKJNP, 2021 WL 1966086, at *3 .............. 13, 16

*Hanline v. Cnty. of Ventura*
  No. CV158808VAPAJWX, 2016 WL 3360672, at *2 ...................... 17

*Ileto v. Glock, Inc.*
  349 F.3d 1191 (9th Cir. 2003) ........................................................ 12

*Lacy v. Tyson*
  No. 1:07-CV-00381-LJO, 2012 WL 4343837 ........................... 13, 16

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*
  957 F.3d 943 (9th Cir. 2020) ............................... 8, 12, 13, 16

*Maddox v. City of Los Angeles*
  792 F.2d 1408 (9th Cir. 1986) ........................................................ 20

*Meyers v. Cnty. of Los Angeles*
  No. CV 10-05225 DMG AJW, 2011 WL 7164461, at *1 ................ 18

*Pearson v. Callahan*
  555 U.S. 223 (2009) ........................................................................ 20

*Peters v. Guajome Park Acad. Charter Sch.*
  No. 04CV1259-BEN (POR), 2006 WL 8453559, at *6 .................... 19

Glaser Weil

2420707

*Somers v. Apple, Inc.*
  729 F.3d 953 (9th Cir. 2013) ........................................................... 12

*Von Saher v. Norton Simon Museum of Art at Pasadena*
  592 F.3d 954 (9th Cir. 2010) ........................................................... 16

**STATE CASES**

*Dobler v. Arluk Med. Ctr. Indus. Grp., Inc.*
  89 Cal. App. 4th 530 (2001) ........................................................... 18

*Estate of Coleman*
  129 Cal. App. 4th 380 (2005) ........................................................... 13

*Heywood v. Municipal Court*
  198 Cal. App. 3d 1438 (1988) ........................................................... 17

*Hill v. Westbrook's Est.*
  95 Cal. App. 2d 599 (1950) ........................................... 7, 13, 16, 17

*Lazar v. Lazar's Est.*
  208 Cal. App. 2d 554 (1962) ........................................................... 14

*Quiroz v. Seventh Ave. Ctr,*
  140 Cal. App. 4th 1256 (2006) ........................................................... 13

**STATUTES**

Code of Civil Procedure § 366.1 ................................................... 2, 8

Code of Civil Procedure § 366.2 ........................................................... 16

Probate Code § 58(a) ........................................................... 13

Probate Code § 9000 ........................................................... 17, 18

Probate Code § 9002 ........................................................... 17, 18

Probate Code § 9100 ........................................................... 18

Probate Code § 9100 (c) ........................................................... 18

Probate Code § 9351 ........................................................... 17

**RULES**

Federal Rules of Civil Procedure 12(b)(2) ........................................... 7

Federal Rules of Civil Procedure 12(b)(5) ........................................... 7

Federal Rules of Civil Procedure 12(b)(6) ........................................... 7, 10

Glaser Weil

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

2420707

<div align="center" style="writing-mode: vertical-rl">Glaser Weil</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Maurice Hastings ("Plaintiff") asserts four causes of action against decedent George Clark ("Clark") and against what Plaintiff stylizes as the "Estate of George W. Clark (Deceased)" (collectively, the "Clark Defendants") some **17 years** after Clark's death. While patently obvious but worthy of pointing out here, federal courts cannot exercise personal jurisdiction over the dead. *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A*., 957 F.3d 943, 953 (9th Cir. 2020). Further, an estate is not a proper subject to a lawsuit absent a personal representative or executor of the estate being named as a party – which Plaintiff has failed to do. *See Hill v. Westbrook's Est.*, 95 Cal. App. 2d 599, 604 (1950). Even if Plaintiff could overcome the foregoing fatal deficiencies (he cannot), the claims asserted against the Clark Defendants in the Complaint each fail as a matter of law. For these reasons, the Clark Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

Plaintiff alleges he was wrongfully convicted in 1988 for crimes he did not commit. (Compl. ¶¶ 1, 4) Plaintiff's conviction was vacated by the Los Angeles Superior Court in 2022. (*Id*. ¶ 36.) While the Clark Defendants are sympathetic to Plaintiff's experience, relief does not lie with the Clark Defendants. The facts pertaining to the Clark Defendants stem from Clark participating in the investigation of the underlying crimes in 1985 while serving as an investigator for the Los Angeles District Attorney Office. (*Id*. ¶ 89.) It is undisputed and **Plaintiff acknowledges** that Clark died in 2006, long-before this action was filed. (ECF 63-1 Matthias Decl. ¶ 2, 5; 41-1 G. Romo Decl. ¶ 3; 41-2 Ex. A to Romo Decl., Obituary of G. Clark.) The claims against Clark must be dismissed because he died prior to the filing of the complaint. Under well settled law, no cause of action can be asserted against him. Further, Federal Rules of Civil Procedure, Rule 25 does not allow substitutions for plaintiffs who died

prior to the complaint being filed.  Additionally, any cause of action against Clark is barred by the statute of limitations pursuant to Code of Civil Procedure section 366.2, which mandates that any cause of action that survives the death of a person be brought within one year of death.

Regarding the purported "Estate," an estate cannot be sued without joining a personal representative or successor in interest, which Plaintiff has failed to do.  Joann Clark, the late wife of George Clark, is also deceased.  (ECF 41-1 Romo Decl. ¶ 3.) The Complaint should be dismissed on those grounds alone.  Additionally, Plaintiff's claims against the "Estate" are barred by applicable sections of California's Probate Code and Code of Civil Procedure.

No amendment could cure these defects.  The Court should therefore dismiss Plaintiff's claims against the Clark Defendants without leave to amend.

## II.    BRIEF SUMMARY OF RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A.    Relevant Allegations Against Clark

The Complaint alleges that Plaintiff was wrongly convicted for carjacking, rape, murder, and attempted murder stemming from a series of events that occurred in 1983. (Compl. ¶ 1.)  The focal point of the Complaint's allegations center on Defendants Grant Price and Russell Enyeart, Inglewood Police Department Detectives who directed the investigation that led to Plaintiff's prosecution and 1988 conviction.

The allegations against Clark are sparse.  The Complaint alleges that in 1985, as part of his investigation as a Los Angeles County District Attorney Investigator, Clark conducted various interviews.  (*Id.* ¶¶ 89-91.)  Plaintiff alleges that Clark, in a report, asserted that an acquaintance of Plaintiff volunteered that Plaintiff possessed a gun consistent with the make and model of the murder weapon.  (*Id.*)  Plaintiff contends that such information was untrue because Plaintiff never possessed such a weapon and Plaintiff's acquaintance would not have volunteered the information (without explaining why not).  (*See id.*)

Beyond the foregoing, the Complaint baldly asserts that Defendants (including Clark) conspired to deprive Plaintiff of his rights, had opportunity to intervene in the malicious prosecution, fabricated evidence, and caused criminal proceedings to be brought without probable cause. (*See, e.g., id.* ¶¶ 112, 121, 130, 134.) There are no other specific factual allegations against Clark and none that support any of Plaintiff's claims.

In 2022, Plaintiff's conviction was vacated based on DNA test results that were unavailable at the time of the original prosecution. Plaintiff was released from custody on October 20, 2022. (*Id.* ¶ 36.) On March 1, 2023, the Los Angeles Superior Court found Plaintiff factually innocent. (*Id.* ¶ 39.)Plaintiff filed this Complaint on November 11, 2023.

## B.   **Procedural Background**

When Plaintiff filed the Complaint, Plaintiff knew that Clark was deceased. (Compl. ¶ 12.) Plaintiff later learned that Clark's wife and alleged successor in interest, Ms. Joann Clark, also passed away before the Complaint was filed. (ECF 41-2, Ex. A Obituary of G. Clark; ECF 63-1 Matthias Decl., ¶¶ 2, 5; ECF 41-1 Romo Decl. ¶ 3; 41-2 Ex. A to Romo Decl., Obituary of G. Clark). Given that George and Joann Clark predeceased the filing of this action, Plaintiff floundered with effectuating service. After serving one of Clark's surviving daughters, Ms. Kelley Lombardozzi, the Court ruled that such service was insufficient because Clark had more than one surviving child. (ECF 48 Minute Order.) The Court ordered Plaintiff to serve the other daughter identified in Clark's obituary, Ms. Lisa DiRezze. (ECF 50 Minute Order.) Plaintiff then purportedly personally served DiRezze on April 23, 2024. (ECF No. 58.) Plaintiff claims, in an assertion made <u>outside of the Complaint</u> and without any evidentiary support whatsoever , that Ms. Lombardozzi and Ms. DiRezze are "the agents of George Clark's estate and/or the successors in interest to George Clark and Joann Clark." (ECF 63 Plaintiff's Third Request for Entry of Default, 2:11-18.) To date, Plaintiff has not named as a party a personal representative or executor of the "Estate."

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss Under Rule 12(b)(2)

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for "lack of personal jurisdiction."  "Courts without personal jurisdiction over a defendant lack the power to issue a valid and enforceable judgment against that defendant." *Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1036 (C.D. Cal. 2022) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  "When a defendant moves to dismiss for lack of personal jurisdiction, **'the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."** *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (emphasis added).

### B.    Motion to Dismiss Under Rule 12(b)(5)

Rule 12(b)(5) authorizes dismissal due to insufficient service of process.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process ... a court ordinarily may not exercise power over a party the complaint names as defendant.") "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  On a Rule 12(b)(5) motion, the plaintiff bears the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Neither "actual notice [of an action] nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jones v. James Trading Co. Ltd.*, No. CV192674MWFJEMX, 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019) (citing *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)).

### C.    Motion to Dismiss Under Rule 12(b)(6)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint fails "to state a claim upon which relief may be granted." "Dismissal

under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  To have "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 677.  The court need "not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

When dismissing a complaint, a district court should deny leave to amend if it determines that the plaintiff could not possibly cure the pleadings by the allegation of other facts.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## IV.  PLAINTIFF'S CLAIMS AGAINST THE CLARK DEFENDANTS SHOULD EACH BE DISMISSED AS A MATTER OF LAW

### A.  The Court Cannot Exercise  Jurisdiction Over George Clark Because He Died Prior to the Complaint Being Filed and No Substitution is Available

Plaintiff's suit against Clark was a nullity *ab initio* and must be dismissed, as one cannot litigate against the dead. As the Ninth Circuit stated in *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A*., 957 F.3d 943, 953 (9th Cir. 2020), "[w]e find this obvious, but sometimes stating the obvious is necessary."  This Court cannot have personal jurisdiction over Clark because he died before the Complaint was filed.  As held in *LN Mgmt., LLC, ,* the dead cannot be engaged in litigation.  *Id.* (finding that a dead person cannot be engaged in litigation on grounds that "the dead lack the capacities that litigants must have to allow for a true Article III case or controversy.")  Thus, "a party cannot maintain a suit on behalf of, or against, or join a dead person or

in any way make a dead person (in that person's own right, and not through a properly-represented estate successor) party to a federal lawsuit." *Id*. at 955.  For this reason, as district courts in this Circuit routinely hold, "substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity." *Id*. at 954.

Plaintiff filed the Complaint while acknowledging that Clark was deceased at the outset, and  later learned that Ms. Joann Clark is also deceased.  (Compl. ¶12.; ECF 41-2, Ex. A Obituary of G. Clark; ECF 63-1 Matthias Decl., ¶¶ 2, 5; ECF 41-1 Romo Decl. ¶ 3; 41-2 Ex. A to Romo Decl., Obituary of G. Clark.)  Any attempt to engage Clark in litigation fails as a matter of law.  *See LN Management*, 957 F.3d at 954 (a lawsuit against someone who is dead is a nullity).   Further, Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the complaint was filed.  *See Lacy v. Tyson*, No. 1:07-CV-00381-LJO, 2012 WL 4343837 (E.D. Cal. Sept. 20, 2012), *report and recommendation adopted*, No. 1:07-CV-00381-LJO, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012) (denying the plaintiff's attempt to substitute a decedent's estate on grounds that the decedent died prior to the commencement of the action and dismissing action against defendant with prejudice); *Givens v. California Dep't of Corr. & Rehab.*, No. 219CV0017JAMKJNP, 2021 WL 1966086, at *3 (E.D. Cal. May 17, 2021), *report and recommendation adopted*, No. 219CV0017JAMKJNP, 2022 WL 2954738 (E.D. Cal. July 26, 2022) (dismissing action with prejudice against deceased defendant on grounds that Rule 25 did not apply).   The claims against Clark should be dismissed with prejudice, and no substitution is available.

**B.**   **The Court Cannot Exercise Jurisdiction Over Clark's Purported "Estate" Because an Estate Cannot Be Sued in the Abstract**

Plaintiff's claims against Clark's "Estate" also fail.  It is well settled that an estate is not a juridical entity that can sue or be sued except through a representative.  "An estate is not a person or entity and cannot be sued." *Hill v. Westbrook's Est.* 95 Cal.

App. 2d 599, 604 (1950); *see also LN Mgmt., LLC*, 57 F.3d at 956 (an estate cannot sue or be sued, can only act by and through a personal representative, and therefore any action must be brought by or against the executor or representative).

Plaintiff, by his Complaint, in essence seeks to bring a survivor's action against decedent Clark without first having established that Plaintiff has satisfied California's requirements for maintaining such an action. This cannot stand. The survival statutes "prevent the abatement of the cause of action of the injured person, and provide for its enforcement by or ***against the personal representative of the deceased.***" *Quiroz v. Seventh Ave. Ctr,*, 140 Cal. App. 4th 1256, 1264 (2006), (internal quotation marks omitted, emphasis added). In this context, "personal representative" means an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a).

Here, Plaintiff has failed to properly name as a party any personal representative of Clark's "Estate." The Court should dismiss the Complaint against the "Estate" with prejudice. *See Hill* 95 Cal. App. 2d at 604 (holding that a complaint against an estate should be dismissed because an estate cannot be sued).

Moreover, there is no formal Estate of George W. Clark to be considered a proper party. In this instance, the disposition of assets that comprised Clark's estate was governed by a revocable family trust that named Goerge and Joann Clark as both settlors and trustors. (*See* Declaration of Kelley Lombardozzi at ¶¶ 3-5, attached hereto as **Ex. A**, hereafter "Lombardozzi Decl.") The distribution of estate assets occurred following the death of Clark and his wife Joann Clark, fulfilling the trust's purpose, terminating the trust, and settling the Clark estate. (Lombardozzi Decl. at ¶¶ 6-7.) *See Estate of Coleman*, 129 Cal. App. 4th 380, 388 (2005) (holding that the complete withdrawal of trust property terminates the entire trust.) No insurance exists to protect the estate. (Lombardozzi Decl. at ¶ 8.)

The Supreme Court has long made clear that it disfavors litigation against distributed estates. *Anderson v. Yungkau*, 329 U.S. 482, 486 (1947).  In *Anderson*, the Supreme Court affirmed a Court of Appeals decision denying substitution of a decedent defendant's estate following the defendant's death and dismissing the action.  There, the Court held that "[u]nder the Rule, as under the statute, the settlement and distribution of the estate might be so far advanced as to warrant a denial of the motion for substitution . . ." *Id.* at 485.  The Court made its rationale clear: "[a]t least where an estate is ready to be closed or where there has already been a distribution, revivor may work unfairness and be disruptive of orderly and expeditious administration of estates." *Id.* at 487.  The same rationale applies here.  Allowing the claims against Clark's purported "Estate" to continue would not only be disruptive of prompt and orderly probate administration, but would also work unfairness and prejudice to Clark's surviving children.  Plaintiff's claims against the long-distributed "Estate" should be dismissed.

### C.    <u>Plaintiff's Claims Should be Dismissed for  Insufficient Process</u>

Without proper service of process, the district court has no power to render any judgment against the defendant's person or property.  *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).  Because Clark predeceased the filing of the Complaint, no action can be maintained against him as set forth in Section IV(A) above.  As set forth in Sectoin IV(B), to maintain an action against an estate, a plaintiff must designate an authorized representative to act as the representative of the decedent, and must serve process on the representative.  *Lazar v. Lazar's Est.*, 208 Cal. App. 2d 554, 557-58 (1962).  Here, Plaintiff has purportedly served Clark's surviving daughters, without more. (*See* ECF 58, 33.)  There is no authorized representative designated in this action.  Plaintiff has not bothered to even make the assertion, let alone provide any evidentiary support to carry his burden that either of Clark's surviving daughters have been designated or sued as the personal representatives of the Estate.  No proof of service can be valid.   Thus, the Court does not have jurisdiction over the Clark Defendants.

**D.     Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

Even if Plaintiff could somehow cure the jurisdictional defects set forth above (he cannot), Plaintiff has not stated a claim upon which relief can be granted and each cause of action asserted against the Clark Defendants must therefore be dismissed.

### 1.     No Cause of Action Can be Sustained Against Clark as a Matter of Law.

As set forth in Section IV(A) above, because Clark died prior to the Complaint being filed and no substitution is available, no cause of action can stand against Clark as a matter of law.  Any attempt to engage Clark in litigation or substitute Clark fails as a matter of law.  See *LN Management*, 957 F.3d at 954 (a lawsuit against someone who is dead is a nullity); *Lacy v. Tyson*, No. 1:07-CV-00381-LJO, 2012 WL 4343837 (E.D. Cal. Sept. 20, 2012), *report and recommendation adopted*, No. 1:07-CV-00381-LJO, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012) (denying the plaintiff's attempt to substitute a decedent's estate on grounds that the decedent died prior to the commencement of the action and dismissing action against defendant with prejudice); *Givens v. California Dep't of Corr. & Rehab.*, No. 219CV0017JAMKJNP, 2021 WL 1966086, at *3 (E.D. Cal. May 17, 2021), *report and recommendation adopted*, No. 219CV0017JAMKJNP, 2022 WL 2954738 (E.D. Cal. July 26, 2022) (dismissing action with prejudice against deceased defendant on grounds that Rule 25 did not apply).  As a matter of law, no cause of action can be asserted against Clark.

### 2.     Plaintiff's Claims Against Clark are Time Barred.

A claim may be dismissed under Rule (12)(b)(6) if barred by the statute of limitations when the running of the statute of limitations is apparent from the face of the complaint, or from material is subject to judicial notice or incorporated by reference. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-SKO, 2017 WL 2958731, at *4 (E.D. Cal. 2017).

Plaintiff's claims against Clark are untimely.  California Code of Civil Procedure

Glaser Weil

section 366.2 states as follows:

> If a person against whom an action may be brought on liability of the
> person, whether arising in contract, tort, or otherwise, and whether accrued
> or not accrued, dies before the expiration of the applicable limitations
> period, and the cause of action survives, <u>an action may be commenced
> within one year after the date of death, and the limitations period that
> would have been applicable does not apply</u>.

Cal. Civ. Proc. § 366.2 (emphasis added).  Courts apply section 366.2 strictly. *Hanline v. Cnty. of Ventura*, No. CV158808VAPAJWX, 2016 WL 3360672, at *2 (C.D. Cal. June 8, 2016).  For example, in *Hanline*, a plaintiff alleged that a decedent defendant, a police officer, conspired to frame him.  *Id.* at *1.  The decedent defendant died in 2008.  *Id*.  The plaintiff brought the lawsuit in 2015.  *Id*.  The court held that the claims against the defendant were untimely on grounds that section 366.2 barred the claim, and dismissed without leave to amend.  *Id*. *4.  *See also Coley v. Ventura Cnty.*, No. CV1810385PAJDEX, 2019 WL 7905740, at *1 (C.D. Cal. Sept. 24, 2019) (dismissing plaintiff's 1983 claims arising out of a wrongful conviction against deceased defendant on grounds that section 366.2 barred the action).

As Plaintiff acknowledges, Clark died in 2006 before the Complaint was filed. (Compl. ¶ 12; ECF 63-1 Matthias Decl. ¶ 2, 5; 41-1 G. Romo Decl. ¶ 3; 41-2 Ex. A to Romo Decl., Obituary of G. Clark.)  Plaintiff filed the Complaint in 2023, well past the one-year statute of limitations under section 366.2.  All claims against Clark should be dismissed without leave to amend.

### 3.    Plaintiff's Claims Against the "Estate" are Procedurally Deficient and Barred by Applicable Statutes of Limitation

#### i.    Plaintiff Has Failed to Name Personal Representative of the "Estate."

Plaintiff's claims against the Estate, as a matter of law, fail for the reasons stated in section IV(B).  "An estate is not a person or entity and cannot be sued."  *Hill v.*

*Westbrook's Est.* 95 Cal. App. 2d 599, 604 (1950); *see also LN Management*, 57 F.3d at 956 (an estate cannot be sued or be sued, can only act by and through a personal representative, and therefore any action must brought by or against the executor or representative).  Because Plaintiff has failed to properly name as a party any personal representative of Clark's Estate, the Court should dismiss all claims against the Estate.  *See Hill* 95 Cal. App. 2d at 604 (holding that a complaint against an estate should be dismissed because an estate cannot be sued).

### ii.    Plaintiff Has Failed to File a Claim Against the "Estate."

In section 1983 actions, the law of the forum state determines whether a 1983 action survives or is extinguished upon death of a party.  *Meyers v. Cnty. of Los Angeles*, No. CV 10-05225 DMG AJW, 2011 WL 7164461, at *1 (C.D. Cal. Dec. 19, 2011), *report and recommendation adopted*, No. CV 10-5225 DMG AJW, 2012 WL 394857 (C.D. Cal. Feb. 6, 2012) (citations omitted).  Under California law, section 1983 claims survive the death of a party pursuant to the Probate Code.  *Id.*

Under the Probate Code an action in court cannot be commenced against a decedent's personal representative unless a claim is filed and rejected.  Cal. Prob. Code § 9351.  Filing a lawsuit does not satisfy the statutory requirement for filing a timely claim.  *Heywood v. Municipal Court*, 198 Cal. App. 3d 1438, 1444 n. 2 (1988).  Thus, anyone who demands payment from an estate, based on a debt or the liability of the decedent, must file a claim against the estate in the manner and within the time provided under Probate Code section 9000 *et seq.,* or the claim is barred.  Cal. Prob. Code § 9002.

Here, Plaintiff has pled no facts to show that Plaintiff brought a claim against the "Estate" at any point or complied with any of the Probate Code's procedural requirements.  Amending to add such facts is futile, because, as explained below, Plaintiff's claims are barred by applicable statutes of limitation.  Accordingly, Plaintiff's claims against the "Estate" should be dismissed with prejudice.

### iii.    Plaintiff's Claims are Time Barred by California's Probate Code and Code of Civil Procedure.

As set forth in Section IV(D)(3)(b) above, any plaintiff who demands payment from an estate, based on a debt or the liability of the decedent, must file a claim against the estate in the manner and within the time provided under Probate Code section 9000 *et seq.,* or the claim is barred. Cal. Prob. Code § 9002. Probate Code section 9100 requires a creditor to file a claim against the estate before the expiration of the latter of (1) four months after the date letters are first issued to a personal representative, or (2) sixty days after the date of notice of administration is mailed to the creditor. Cal. Prob. Code § 9100.

Failure to file a claim in a probate proceeding within the prescribed time periods bars the claim forever. *Dobler v. Arluk Med. Ctr. Indus. Grp., Inc.*, 89 Cal. App. 4th 530, 535–36 (2001). Crucially, nothing in Probate Code section 9100, which sets the timeliness requirements, "extends the time provided in Section 366.2 of the Code of Civil Procedure." Cal. Prob. Code § 9100 (c). Simply put, nothing in the Probate Code section 9000, *et seq*, extends, tolls, or revives any claim barred by section 366.2. *Id.* As set forth above, California Code of Civil Procedure section 366.2's one year limitations period has long run, barring any claims against the "Estate."

### 4.    Plaintiff Fails to Allege a Constitutional Violation Against Clark

To sustain a cause of action under 42 U.S.C. section 1983, a plaintiff must plead specific facts in support of the cause of action. *See Cotton v. Austin*, No. 18CV325-JO-DEB, 2022 WL 4373598, at *5 (S.D. Cal. Sept. 21, 2022); *Peters v. Guajome Park Acad. Charter Sch.*, No. 04CV1259-BEN (POR), 2006 WL 8453559, at *6 (S.D. Cal. Oct. 25, 2006), *aff'd*, 290 F. App'x 49 (9th Cir. 2008). Plaintiff falls woefully short here.

The Complaint generally alleges that Defendants, including Clark, violated Plaintiff's constitutional rights. However, the only allegation raised directly against

Clark with any specificity is that Clark reduced his interview of a witness to a report and said report contained false information. (Compl. ¶¶ 12, 91). That allegation standing alone is insufficient to withstand Rule 12(b)(6) scrutiny. The Complaint does not, however, allege that Clark fabricated the information in the report. Nor does the Complaint allege that the witness in question testified at trial or that the purported "false information" attributed to the witness was otherwise introduced at trial. The Complaint is likewise silent on whether Clark received erroneous information from the witness or whether he took steps to vet the information. Even if, assuming without conceding for the sake of argument, Clark was careless in his collection and reporting of the information he received, ordinary negligence cannot sustain section 1983 claims. *See Maddox v. City of Los Angeles,* 792 F.2d 1408, 1415–16 (9th Cir. 1986).

The remarkably sparse allegations against Clark do not allege <u>any</u> specific facts supporting malicious prosecution, conspiracy, fabrication of evidence, or failure to intervene, and thus cannot sustain any of the section 1983 causes of action.

### 5.    Clark is Entitled to Qualified Immunity for Plaintiff's Due Process Claim

Officials are entitled to qualified immunity if their conduct did not violate a constitutional right, or if the right as not "clearly established" at the time of the alleged violation. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). Here, Clark is entitled to qualified immunity for Plaintiff's due-process claim. As discussed above, Plaintiff fails to plead specific facts sufficient to support a finding of a constitutional violation. The thin allegations in the Complaint against Clark do not allege facts showing that Clark did not act at all times within the scope of his discretion, in good faith, and with due care. Absent from the Complaint are any facts or allegations to support an inference that Clark acted contrary to applicable rules, regulations, and practices, or acted contrary to the Constitution and laws of the United States and/or the State of California. Accordingly, Clark is shielded by qualified immunity.

///

## V.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff can prove no set of facts that would entitle him to relief on his claims against Defendants.  For the foregoing reasons, the Court should dismiss the Complaint against Defendants without leave to amend.


DATED:  July 22, 2024              GLASER WEIL FINK HOWARD
                                                    JORDAN & SHAPIRO LLP


                                             By: */s/ James Sargent*
                                             ANDREW BAUM
                                             JAMES SARGENT
                                             LUIS RAMOS
                                                   Attorneys for Defendants
                                                   George W. Clark, by and through his
                                                   successor in interest Joann M. Clark, and
                                                   Estate of George W. Clark (Deceased).

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

The undersigned, counsel of record for George W. Clark, by and through his successor in interest Joann M. Clark, and Estate of George W. Clark (Deceased certifies that this brief contains 4,957 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 22, 2024

GLASER WEIL FINK HOWARD
    JORDAN & SHAPIRO LLP


By: /s/ James Sargent
ANDREW BAUM
JAMES SARGENT
LUIS RAMOS
    Attorneys for Defendants
    George W. Clark, by and through his
    successor in interest Joann M. Clark, and
    Estate of George W. Clark (Deceased).