O

# United States District Court
# Central District of California

| | |
|---|---|
| MAURICE HASTINGS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GRANT PRICE et al.,<br><br>　　　　　　Defendants. | Case № 2:23-cv-09684-ODW (AGRx)<br><br>**ORDER GRANTING CLARK DEFENDANTS' MOTION TO DISMISS [73]** |

## I.　INTRODUCTION

Plaintiff Maurice Hastings spent thirty-eight years in prison for a crime he did not commit.  (Compl. ¶¶ 38–39; ECF No. 1.)  Hastings now brings an action against Grant Price, Russell Enyeart, George W. Clark, and Clark's Estate, alleging that the three men caused his wrongful incarceration and violated his constitutional rights.  (*Id.* ¶¶ 3, 10–12, 89–91, 112–37.)  Clark and his Estate now move to dismiss Hastings's claims against them for lack of personal jurisdiction, insufficient service, and failure to state a claim.  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 73.)  For the reasons below, the Court **GRANTS** the Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Maurice Hastings was wrongly convicted and spent over thirty-eight years in prison for a murder that he did not commit. (Compl. ¶¶ 5, 38–39.) On March 1, 2023, the Los Angeles County Superior Court found Hastings factually innocent. (*Id.* ¶ 39.) On November 15, 2023, Hastings filed this action against Grant Price, Russell Enyeart, George W. Clark through his successor in interest, and Clark's Estate. (*Id.* ¶¶ 3, 10–12.) Hastings alleges that Price and Enyeart—as Inglewood Police Department detectives—and Clark—as a Los Angeles County ("County") District Attorney investigator—conspired to frame him for the murder and fabricated evidence against him, causing his wrongful conviction and imprisonment. (*Id.* ¶¶ 3, 10–12, 89–91, 112–137.) Clark died while Hastings was in prison, and before DNA evidence proved Hastings's innocence. (Defs.' Notice Suggestion Death ("Notice Death"), ECF No. 75; Compl. ¶¶ 1, 35–36.) As a result, Hastings names in this action Clark, through his successor in interest Joann M. Clark, also deceased, and Clark's Estate in place of Clark himself (Clark and Estate are collectively "Clark Defendants"). (Notice Death; Compl. ¶¶ 12–13.)

Clark Defendants move to dismiss Hastings's claims against them, arguing (1) the Court lacks personal jurisdiction over Clark—Federal Rule of Civil Procedure ("Rule") 12(b)(2), (2) Hastings failed to effectively serve Clark or his Estate—Rule 12(b)(5), and (3) Hastings fails to state a claim against Clark's Estate on which relief can be granted—Rule 12(b)(6). (Mot. 2–3.) The Motion is fully briefed. (*See* Opp'n, ECF No. 79; Reply, ECF No. 80.)

## III. LEGAL STANDARD

Under Rule 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff bears the burden to demonstrate that jurisdiction is

---

[2] The background facts are drawn from Hastings's Complaint and the Court accepts as true all well-pleaded allegations for this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

2

appropriate, and the court accepts plaintiff's well-pleaded allegations as true. *Id.* A plaintiff can establish the court's personal jurisdiction over a defendant by personally serving the defendant in the forum state. *Burnham v. Superior Ct. of Cal., Marin*, 495 U.S. 604, 612 (1990).

Under Rule 12(b)(5), a party may move to dismiss a complaint for insufficient service of process. Proper service of process is a prerequisite to the court's exercise of personal jurisdiction over a defendant. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served . . . or there is no personal jurisdiction."). Where the court finds service insufficient, it "must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim on which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). More specifically, the plaintiff needs to provide "enough fact[s] to raise a reasonable expectation" of a claim. *Twombly*, 550 U.S. at 556. Courts take plaintiff's allegations in the complaint as true, but the same does not apply to "mere conclusory statements." *Iqbal*, 556 U.S. at 678. Courts must "draw on [their] judicial experience and common sense" when weighing whether a claim plausibly entitles plaintiff to relief, and make all reasonable inferences in favor of the nonmovant. *See id.* at 678–79.

### IV.  DISCUSSION

Clark Defendants move to dismiss Hastings's claims against Clark on the grounds that the Court lacks personal jurisdiction over Clark because he is deceased. (Mot. 11–12.) Clark Defendants also move to dismiss Hastings's claims against the Estate on the grounds that they are time-barred. (*Id.* at 15–19.) Hastings effectively

concedes his claims against Clark but contends that he may proceed against Clark's Estate instead. (Opp'n 4 n.3.[3])

**A.  Clark, Through His Successor in Interest**

Clark Defendants argue the Court should dismiss Hastings's suit against Clark because a court cannot exercise personal jurisdiction over the deceased. (Mot. 11–12.) Additionally, Clark Defendants argue Hastings may not substitute Clark's successors in interest as defendants because Rule 25 does not allow substitutions where the defendant predeceases the suit's filing. (*Id.*)

A party can sue an estate representative or a successor, but "a party cannot maintain a suit . . . against . . . a dead person." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). The Ninth Circuit has noted that the "dead do not provide the requisite adversarialness to make them parties to an Article III case or controversy." *Id.* Similarly, the dead cannot receive service of summons that would allow a court to exercise personal jurisdiction over them. *See Gilmore v. Lockard*, 936 F.3d 857, 864 (9th Cir. 2019) ("[S]ervice of summons must be completed before a federal court may exercise personal jurisdiction over a party . . . ." (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). In cases where a party to a suit dies after its commencement, Rule 25 allows the plaintiff to substitute another party for a decedent, such as the estate representative or the successor, to effectuate service and grant the court personal jurisdiction. *See Lacy v. Tyson*, No. 1:07-cv-00381-LJO-GSA-PC, 2012 WL 4343837, at *1 (E.D. Cal. Sept. 20, 2012); *Gilmore*, 936 F.3d at 864 ("[S]ervice *after* substitution . . . ensur[es] that a court has personal jurisdiction over the new, proper party.").

Clark died in 2011, twelve years before Hastings filed this suit. (*See* Compl. ¶ 12; Notice Death.) To the extent Hastings names Clark as a defendant, Hastings may not sue Clark, who was already deceased at the time Hastings commenced this action

---

[3] The Court notes that Hastings's abuse and misuse of footnotes in the opposition brief runs deeply afoul of the Court's Local Rules. (*See, e.g.*, Opp'n 4 n.4.) Hastings is cautioned that such flagrant non-compliance will not be tolerated in future filings.

in 2023. *See LN Mgmt.*, 957 F.3d at 951 ("[Y]ou cannot sue a dead person."). Likewise, Hastings cannot sue Clark's successor in interest Joann M. Clark, because like Clark, she predeceased Hastings' filing. (Pl.'s Decl. Christina Matthias ISO Default ("Decl. Matthias") ¶ 5, ECF No. 49-1.) To the extent Hastings seeks to substitute a different successor in interest, Hastings may not now employ Rule 25 for the same reason: Joann M. Clark predeceased Hastings's suit. (Decl. Matthias ¶ 5); *see Lacy*, 2012 WL 4343837, at *2 (stating that substitution of parties under Rule 25 is not permitted "where the person for whom substitution is sought died prior to being named a party"). Accordingly, the Court lacks personal jurisdiction over Clark and his successor in interest, both deceased, and Hastings may not substitute another party to cure this deficiency. Therefore, the Court dismisses Hastings's claims against Clark by and through his successor in interest.

**B.   Clark's Estate**

Clark Defendants also argue that Hastings fails to state a claim against Clark's Estate because Hastings's claims are time-barred under California Code of Civil Procedure ("CCP") section 366.2. (Mot. 15–16.) Hastings contends that his claims are timely under California Probate Code ("PC") section 550, and the CCP section 366.2 statute of limitations does not apply. (Opp'n 9.)

*1.   California Code Civil Procedure Section 366.2*

"For actions under 42 U.S.C. § 1983," like Hastings's here, "courts apply the forum state's statute of limitations for personal injury actions." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004), *cert denied*, 546 U.S. 820 (2005). However, under CCP section 366.2, a tort action against a decedent may only "be commenced within one year after the date of [defendant's] death," regardless of a claim's accrual. Cal. Civ. Proc. Code § 366.2(a); *Coley v. Ventura County*, No. 2:18-cv-10385-PA (JDEx), 2019 WL 7905740, at *6 (C.D. Cal. Sept. 24, 2019) (applying CCP section 366.2 in a § 1983 action). "[T]he limitations period that would have been applicable does not apply." Cal. Civ. Proc. Code § 366.2(a). Courts should strictly enforce this statute of

1  limitations, even when it "would yield a harsh result," because it serves a "strong public
2  policy of expeditious and final estate administration." *Hanline v. County of Ventura*,
3  No. 2:15-cv-08808-VAP (AJWx), 2016 WL 3360672, at *2 (C.D. Cal. June 8, 2016)
4  (discussing *Bradley v. Breen*, 73 Cal. App. 4th 798, 804–06 (1999)).

5      Clark died in 2011. Thus, under CCP section 366.2, a potential plaintiff must
6  bring any claims against Clark's Estate no later than 2012, one year after Clark's death.
7  *See* Cal. Civ. Proc. Code § 366.2(a); (Notice Death). However, Hastings filed his
8  claims against Clark's Estate in 2023. As a result, CCP section 366.2 bars Hastings's
9  claims against Clark's Estate unless Hastings establishes that an exception applies.

10     *2.    California Probate Code Section 550*

11     Hastings contends that his claims are timely under PC sections 550 and 551,
12 which Hastings asserts save him from the harsh results of CCP section 366.2.
13 (Opp'n 8–9); *see* Cal. Prob. Code § 551 (providing the statute of limitations for actions
14 against a decedent under PC section 550).

15     "California Probate Code [section 550] provides an exception to [CCP
16 section 366.2] when a plaintiff sues a decedent's estate and the decedent was protected
17 by insurance . . . ." *Coley*, 2019 WL 7905740, at *6 (citing Cal. Prob. Code § 551).
18 When a plaintiff sues the estate's insurer pursuant to PC section 550, the associated
19 statute of limitations in section 551 permits the "action [to] be commenced within one
20 year after the expiration of the limitations period otherwise applicable," regardless of
21 CCP section 366.2, so long as "the limitations period otherwise applicable to the action
22 has not expired at the time of the decedent's death." Cal. Prob. Code § 551.

23     To take advantage of PC section 550, a plaintiff must "name as the defendant,
24 'Estate of (name of decedent), Deceased'" and serve summons "on the insurer." Cal.
25 Prob. Code § 552; *see Tajran v. Est. McDonald*, No. 19-cv-1290-BAS-KSC, 2020 WL
26 256209, at *6 (S.D. Cal. Jan. 17, 2020). The California Supreme Court and courts
27 within the Central District have held that "proof of insurance coverage is essential to
28 recovery" for claims brought pursuant to PC section 550. *Hanline*, 2016 WL 3360672,

6

at *3 (first citing *Escobedo v. Est. Snider*, 14 Cal. 4th 1214, 1228 (1997); and then citing *Pelayo v. City of Downey*, 570 F. Supp. 2d 1183, 1197 (C.D. Cal. 2008)). The plaintiff "bears the burden of proving that insurance coverage exists." *Pelayo*, 570 F. Supp. 2d at 1193 (citing *Escobedo*, 14 Cal. 4th at 1228).

Although Hastings correctly names Clark's Estate, he fails to plead or prove insurance coverage and proper service on the insurer with the factual support necessary to survive a motion to dismiss. Hastings alleges "[u]pon information and belief" that insurance protects Clark's Estate, and that Clark is escoentitled to indemnification from the County. (Compl. ¶ 12.) Hastings's single conclusory allegation, that insurance exists because of an indemnification scheme, is not sufficient to plead that Clark's Estate has insurance or that it is otherwise covered by any insurance, so as to allow Hastings to proceed under PC section 550. (*Id.* ¶ 12, *see generally* Opp'n.)

Though Hastings does not need to *prove* insurance coverage exists to survive a Rule 12(b)(6) motion to dismiss, he must still allege "enough fact[s] to raise a reasonable expectation" that insurance covers Clark's Estate. *See Twombly*, 550 U.S. at 556. Hastings argues that his allegations of indemnification suffice because "the County has an independent, mandatory duty to indemnify and defend public employees, like Clark, for conduct within the scope of their employment," and the Court should accept the County's statutory indemnification scheme as an adequate showing of insurance. (Opp'n 3–5.) However, "[i]ndemnification is not an exception to [insurance for purposes of PC] section 550." *Hanline*, 2016 WL 3360672, at *3; *see also Coley*, 2019 WL 7905740, at *6 (same). Probate Code section 550 requires "insurance," and "the Court is not at liberty to change the meaning of the word 'insur[ance]' in the California Probate Code." *Roberts v. County of Riverside*, No. 5:19-cv-1877-JGB (SHKx), 2021 WL 408138, at *3 (C.D. Cal. Jan. 14, 2021) (discussing PC sections 550 and 552). Accordingly, Hastings does not plead sufficient facts to establish that insurance covers Clark's Estate and the Court does not accept indemnity as a substitute under PC section 550.

In sum, it is clear on the face of the Complaint that CCP section 366.2, and not PC section 550, applies to Hastings's claims.  Hastings did not bring his claims against Clark's Estate within one year of Clark's death, and he fails to establish that he may take advantage of PC section 550's exception for insured decedents.  Therefore, Hastings's claims against Clark's Estate are time-barred and dismissal is appropriate. *See Horne v. Harley-Davidson, Inc.*, 660 F. Supp. 2d 1152, 1157 (C.D. Cal. 2009) ("Where it is evident from the face of the complaint that the claim is barred by the statute of limitations, dismissal is appropriate." (citing *Hunt v. County of Shasta*, 225 Cal. App. 3d 432, 441 (1990))).

**C.    Leave to Amend**

Where the court finds that a claim is subject to dismissal, it must determine whether to grant leave to amend.  Under Rule 15, the court should freely give the party leave to amend its pleadings when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  However, leave to amend is not appropriate when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming that a court may deny leave to amend when futile).

Here, Hastings can plead no additional facts that would entitle him to recover against Clark Defendants.  Hastings cannot cure his claims against Clark Defendants because Clark is deceased and CCP section 366.2's one year statute of limitations bars recovery against Clark's Estate.  Further, Hastings does not attempt to show that Clark's Estate is covered by insurance, and he cannot rely on potential indemnification as a substitute for insurance to proceed under PC section 550.  Thus, as the Court finds that any amendment to the pleading would be futile, the Court dismisses Hastings's claims as against Clark Defendants without leave to amend.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Clark Defendants' Motion to Dismiss, and dismisses Hastings's claims against Clark Defendants without leave to amend. (ECF No. 73.) Hastings may thus proceed with his claims against Defendants Price and Enyeart.

**IT IS SO ORDERED.**

November 20, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

...